NO. 07-11-0288-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2013
_____

ELLEN CLYDE SMITH MAY, INDIVIDUALLY AND AS CO-
TRUSTEE OF THE MAY FAMILY TRUST,

                                                                Appellants
                                        v.

THE CHARLES MAYNARD BAKER AND WANDA JEAN BAKER
FAMILY TRUST, ET AL.,

                                                                Appellees
_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 09-01-06628-A; HONORABLE CARTER T. SCHILDKNECHT, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal from a declaratory summary judgment with respect to the rights of the parties under a partition deed. The 1981 deed partitioned the surface of a tract of land in Lynn County, Texas, into six separate tracts. Various of the parties now disagree as to whether or not the rock, caliche, limestone, sand, gravel, and clay on the land prior to partition were also partitioned. In addressing cross-motions for summary judgment, the trial court concluded that they were not. We affirm its decision.

The pertinent standard of review is well settled. We need not reiterate it.

Next, there is only one partition deed involved. It served to divide the interests of each claimant to the land. And, though it expressly referred to the partition of the "surface estate only," the document also contained a provision stating:

> Excepted from the surface estate as partitioned hereinabove is the rock, caliche, limestone, sand, gravel, and clay which shall be treated as minerals under the land and in addition thereto the parties hereto agree that the natural springs and the sources thereof shall not be used in the extraction, production, or mining of the above excepted surface minerals and the parties hereto further agree that the water from the lake known as Tahoka Lake as well as the underground water from all the tracts herein may be used in the extraction, production, or mining of the above excepted surface minerals.

Nothing in the deed expressly limited, quantified, or otherwise specified the acreage on which the aforesaid caliche, limestone, sand, gravel, etc. was located. Nonetheless, one of the claimants believed that the "exception" related to only a 101-acre tract from which caliche was being taken when the lands were divided. She supports her contention by referring to an appraisal of the land used to effectuate the partition, and which purported to exclude the 101-acre tract.

A deed serves to manifest, in writing, the signatories' intent. And, unless it is susceptible to at least two differing yet reasonable interpretations, *Heritage Resources v. NationsBank,* 939 S.W.2d 118, 121 (Tex. 1996) (discussing the test used in determining if a writing is ambiguous), we look only to the words contained therein to discern that intent. *Luckel v. White,* 819 S.W.2d 459, 461 (Tex. 1991); *Moore v. Noble Energy, Inc.,* 374 S.W.3d 644, 646 (Tex. App.–Amarillo 2012, no pet.). Moreover, a mere disagreement about the interpretation of an instrument does not make it ambiguous. *Moore v. Noble Energy, Inc.,* 374 S.W.3d at 646.

2

Here, the partition deed is relatively simple and brief. It describes the land that was held in common, identifies those owning that land as tenants in common, expresses that those co-tenants wish to partition only the surface of the land into six different tracts, so partitions the surface, and then specifically excepts from the surface estate being partitioned "rock, caliche, limestone, sand, gravel, and clay" which substances each party expressly agreed were to be "treated as minerals under the land." And, while allusion is made to "a survey, appraisal, and subdivision of the above property" (*i.e.*, the entire parcel before partition) no particular survey, appraisal or subdivision was specified or incorporated into the deed. Had the parties intended for a particular survey, appraisal, or subdivision to control or otherwise affect the terms of the conveying instrument, they could have easily said that or included the item as an attachment. *See GXG, Inc. v. Texacal Oil & Gas,* 977 S.W.2d 403, 427 (Tex. App.– Corpus Christi 1998, pet. denied) (noting that if the parties had intended to encumber all of the properties, they could have easily memorialized such an agreement). But, they did not. And, as a general rule, we do not insert that which the signatories to a document omit, unless their expressed intent demands otherwise. *See Tenneco, Inc. v. Enterprise Products Co.,* 925 S.W.2d 640, 646 (Tex. 1996). We find no such intent here. Simply put, and as a matter of law, we conclude that the exception applies to all of the "rock, caliche, limestone, sand, gravel, and clay" located on the land prior to partition, not merely to that located on a 101-acre tract being mined at the time of partition.

And to the extent that the complainant argues that caliche normally is included in the surface estate, we again allude to that old maxim about the meaning of a document

3

being dependent upon the intent of the particular parties involved. Parties are free to deviate from commonly assigned definitions. It is their writing. They can say what they want to in it. And, unless some statute or common law prohibits them from doing so, they are free to treat rocks and caliche appearing on the surface of land as minerals appearing beneath it, so long as their intent to do so is clear. Not only is that intent clear at bar, but the complainant cites us to neither common law nor statute precluding them from doing so. *See e.g. Wilderness Cove, Ltd. v. Cold Spring Granite Co.,* 62 S.W.3d 844, 849 (Tex. App.–Austin 2001, no pet.) (holding that an express conveyance of a granite deposit created a severable mineral estate).

The partition deed is unambiguous and clearly expresses the intention of the parties to maintain their co-tenant relationship with respect to the caliche and other "minerals" described in the document. Accordingly, the trial court was right, and we affirm its judgment.

Brian Quinn
Chief Justice